IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE ANN CYR, Administratrix of the Estate of VINCENT ALEXANDER DAVALOS, Plaintiff | : : : : : | NO.: 3:22-cv-00453-JFS CIVIL ACTION – LAW |
| v. | : : | Mag. Judge Joseph F. Saporito, Jr |
| SCHUYLKILL COUNTY; PRIMECARE MEDICAL INC.; OFFICER BETTINGER, OFFICER SABOL, LIEUTENANT KEPPEL, OFFICER KLINGER, OFFICER FRYE, OFFICER BENDER, OFFICER RAINIS, NURSE GROSS, and NURSE HYSOCK, Defendants | : : : : : : : : : | *Electronically Filed* JURY TRIAL DEMANDED |

## **REPLY BRIEF OF PRIMECARE DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiff has filed her Brief in opposition to the PrimeCare Defendants' Motion for Summary Judgment. (*See* Doc. 67). Plaintiff's response confirms that the facts of record do not support a cause of action against any of the PrimeCare Defendants, and the PrimeCare Defendants are entitled to summary judgment.

**1.** ***Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015) is not applicable to the present matter.**

Plaintiff argues that this Court should analyze the Fourteenth Amendment claim with the standard applied in *Kingsley v. Hendrickson,* 576 U.S. 389, 135 S. Ct. 2466, 192 L.Ed.2d 416 (2015). This standard is not the law of the Third Circuit, and this Court

should reject Plaintiff's invitation to change the law of the Third Circuit by applying *Kingsley* to this case.

In *Kingsley,* the United States Supreme Court held that to prove an **excessive force claim** under the Fourteenth Amendment, a pretrial detainee must only show that the officers' use of force was objectively unreasonable rather than show that the officers were subjectively aware that their use of force was unreasonable. Plaintiff properly concedes that the Third Circuit has not specifically decided this issue nor applied the *Kingsley* case in the context of the alleged denial of medical care in conditions of confinement claims. "

In *Andrews v. Harper*, 576 F. Supp. 3d 305 (W.D. Pa. 2021), Judge Wiegand of the United States District Court for the Western District of Pennsylvania declined to extend *Kingsley* in a case where the Plaintiff alleged a violation of her Fourteenth Amendment rights for the alleged failure to provide her with appropriate mental health care. The *Andrews* Court cited to numerous cases from the Third Circuit and district courts within the Third Circuit which have continued to apply the deliberate indifference standard when analyzing the Fourteenth Amendment claims outside of the excessive force context. *See Andrews* at p. 315.

> The Court found:
>
> In the context of inadequate medical care claims under the Fourteenth Amendment, district courts in this Circuit that have explicitly considered *Kingsley* have nonetheless continued to apply the deliberate indifference standard. *Williams v. Robinson*, 2018 WL 4489670, at *2 n.2, 2018 U.S. Dist. LEXIS 159576, at *7 n.2 (D.N.J. September 18, 2018) ("The Court

2

> makes note of ...*Kingsley*, ... which calls into question the propriety of applying the Eighth Amendment analysis to pretrial detainees .... As the Third Circuit has not announced a different test for pretrial detainees, this Court applies the Eighth Amendment test to Plaintiff's claims"); *Coward v. Lanigan*, 2016 WL 1229074, at *4 n.3, 2016 U.S. Dist. LEXIS 41428, at *12 n.3 (D.N.J. March 29, 2016) (same); *Cortez v. Berks Cnty. Jail Sys.*, No. 21-CV-3450, 2021 WL 3737209, 2021 U.S. Dist. LEXIS 159388 (E.D. Pa. Aug. 24, 2021) (citing *Moore v. Luffey* for the proposition that a pretrial detainee's inadequate medical care claim is analyzed under same deliberate indifference standard used to evaluate similar claims brought under the Eighth Amendment).

*Andrews v. Harper*, 576 F. Supp. 3d at 315.

It is submitted that the analysis of the *Andrews* court is correct for cases such as the present matter. Additionally, it is submitted that the case of *Strain v. Regalado*, 977 F.3d 984 (10th Cir. 2020) is persuasive. In *Strain*, the plaintiff was a pretrial detainee who alleged that he exhibited alcohol withdrawal symptoms while in a county jail. Healthcare providers diagnosed and treated his symptoms, but the course of treatment proved ineffective. The defendants filed a motion to dismiss which was granted, and the Tenth Circuit affirmed. The plaintiff in *Strain* argued that the *Kingsley* decision altered the standard for pretrial detainees in Fourteenth Amendment claims just as the Plaintiff does in the present matter. The court in *Strain* declined to change the precedent of its circuit to accept the plaintiff's argument.

Specifically, the *Strain* court declined to extend *Kingsley* to Fourteenth Amendment deliberate indifference claims because *Kingsley* turned on considerations unique to excessive force claims – whether the use of force amounted to punishment, not

on the status of the detainee. Further, the court found that the nature of deliberate indifference claims infer a subjective component. Finally, the principles of *stare decisis* weighed against overruling prior precedent within that circuit. *See Strain v. Regalado*, at 991.

It is submitted that the *Strain* rationale should apply to the present case. The present matter does not involve excessive force. The nature of Plaintiff's deliberate indifference claim infers a subjective component. Finally, the Third Circuit has not extended *Kingsley* to cases involving alleged deficient medical care. Therefore, it is respectfully submitted that this Court should not apply *Kingsley* to the case at bar.

> 2. **Plaintiff fails to demonstrate a deliberate indifference to a serious medical condition of Vincent Davalos.**

Plaintiff spends a great deal of time arguing that there is no documented evidence that Mr. Davalos was specifically asked if he had ingested packets of Fentanyl, amphetamines and methamphetamines. However, whether Mr. Davalos was asked by either security or medical staff and he lied or he was not asked and he chose not to inform anyone that he had ingested multiple packets of illegal drugs, the bottom line is that no one (other than Mr. Davalos) knew he had ingested the packets of illegal drugs. Moreover, there was no reason to believe that Mr. Davalos had a potential ticking time bomb of illegal packets of drugs in his stomach which could open at any time. It is unfortunate that Mr. Davalos chose to not inform anyone about his ingestion of illegal

drug packets; however, medical staff cannot address a problem of which they are unaware.

Additionally, the law of this Circuit is clear that where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims sounding in state tort law. *Bednar v. Cnty. of Schuylkill*, 29 F.2d 250, 253 (E.D. Pa. 1998) quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 fn. 2 (3d Cir. 1979). In other words, a disagreement between a medical provider and an inmate as to the medical diagnosis and treatment does not constitute deliberate indifference. *Pearson v. Prison Health Serv.*, 850 F.3d 526 (3d Cir. 2017). Moreover, there must be proof that the conduct alleged was deliberate and intentional. *Hampton v. Holmesburg*, 546 F.2d 1077, 1081 (3d Cir. 1976).

In the present matter, both Nurse Hysock and Nurse Gross evaluated Plaintiff. It is clear that they believed, based upon the information Mr. Davalos provided, that he was under the influence of Heroin. Consistent with that information, a treatment plan was put into place to address his anticipated withdrawal.

Being under the influence of drugs is not an emergency and is common in the jail setting. Mr. Davalos had his vital signs taken and there was nothing alarming about his vital signs. It is also not an emergency to have seizure-like symptoms. Mr. Davalos was readily arousable, had normal vital signs, and was alert and oriented.

Plaintiff is asking this Court to second guess the medical judgment of those two nurses. As stated above, a difference of opinion as to treatment does not demonstrate deliberate indifference. Plaintiff's citation to cases from other circuits does not change the binding precedent of the Third Circuit, which is federal courts do not second guess treatment decisions from medical professionals. Therefore, the PrimeCare Defendants' Motion for Summary Judgment is premised upon more than Mr. Davalos' failure to advise anyone of his ingestion of illicit drugs; but rather, the Motion for Summary Judgment is that the evidence of record does nothing more than demonstrate a difference of opinion as to the treatment rendered to Mr. Davalos. Thus, it is submitted that the record fails to demonstrate a cause of action against the PrimeCare Defendants, and the PrimeCare Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment.

**3. Plaintiff is unable to demonstrate a *Monell* cause of action against PrimeCare.**

The policies and procedures for the provision of medical care all conform to NCCHC accreditation standards. The Third Circuit has indicated that an alleged failure to provide routine dental care does not rise to the level of deliberate indifference if the facility is accredited by NCCHC. *See Vaughn v. Cambria Cnty. Prison*, 709 F. App'x. 152 (3d Cir. 2017), citing *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (holding that plaintiff in a prison conforming to National Commission on Correctional Health Care standards "cannot establish that the lack of routine teeth cleaning constitutes deliberate

indifference to serious medical needs.") It is submitted that the same reasoning applies to the present case, and PrimeCare's policies and procedures cannot be found to be constitutionally deficient where they meet NCCHC standards.

Even without considering NCCHC standards, the record is clear that there was a process in place where Mr. Davalos was evaluated at the door to confirm he was medically able to be incarcerated. There was a process in place to determine illegal drug use, and orders were obtained for the anticipated withdrawal. There was also a procedure in place for inmates to be medically evaluated and placed upon a detoxification protocol.

Plaintiff argues that the receiving screening should have occurred sooner for Mr. Davalos. However, the delay was still within NCCHC standards, and Mr. Davalos had already failed to inform multiple correctional officers and multiple nurses that he had ingested multiple bags of Fentanyl. Mr. Davalos' vitals signs were taken on multiple occasions and were within normal limits. Mr. Davalos did disclose his history of heroin use and a plan was put into place to address the anticipated withdrawal. A sooner receiving screening would not have prevented the bag from opening in Mr. Davalos' stomach, nor should one expect that Mr. Davalos would magically now become forthright about the illegal drugs in his stomach.

Mr. Davalos' death was unfortunate, but the death could have been avoided if he simply would have informed someone that he had ingested the drug-filled baggies. Mr. Davalos' death is a result of his very bad decision making and not as a result of deliberate

7

indifference by any of the PrimeCare Defendants. Therefore, the PrimeCare Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: *[signature: John R Ninosky]*
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Telephone (717) 651-3709
Fax (717) 651-3707
jrninosky@mdwcg.com
*Attorney for PrimeCare Defendants*

Date: March 27, 2024

LEGAL/160320401.v1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of March, 2024, the foregoing *Reply Brief in Further Support of Motion for Summary Judgment* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

> Barry H. Dyller, Esquire
> Chad J. Sweigart, Esquire
> Theron J. Solomon, Esquire
> Dyller & Solomon, LLC
> Gettysburg House
> 88 North Franklin Street
> Wilkes-Barre, PA  18701
> barry.dyller@dyllerlawfirm.com
> chad.sweigart@dyllerlawfirm.com
> theron.solomon@dyllerlawfirm.com
> *Counsel for Plaintiff*

> David J. MacMain, Esquire
> Stephen G. Rhoads, Esquire
> MacMain Leinhauser, PC
> 433 W. Market Street, Suite 200
> West Chester, PA  19382
> dmacmain@macmainlaw.com
> srhoads@macmainlaw.com
> *Attorneys for Schuylkill County Defendants*

MARSHALL DENNEHEY, P.C.

By: *(signature)*
John R. Ninosky
